Beth S. Rose
Andrew W. Schwartz
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Phone: (973) 643-7000
Facsimile: (973) 643-6500
*Attorneys for Defendant Amazon.com Services, Inc.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

| | |
|---|---|
| KASONDRA HESTER, | Civil Action No.<u>22-cv-2152</u> |
| Plaintiff, | |
| -against- | **NOTICE OF REMOVAL** |
| RED MEDICAL SUPPLIES LTD., ECO-MED PHARMACEUTICAL INC. and AMAZON.COM SERVICES, INC., | *(Document Electronically Filed)* |
| Defendants. | |

------------------------------------------------------------ X

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
        COURT FOR THE EASTERN DISTRICT OF NEW YORK**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446(a),

Defendant Amazon.com Services, Inc. ("Amazon"), hereby removes the above-captioned action

from the Supreme Court of the State of New York, County of Suffolk, to the United States

District Court for the Eastern District of New York, because there is complete diversity of

citizenship and the amount in controversy exceeds $75,000.

## I.      INTRODUCTION

This lawsuit involves a claim of personal injury allegedly caused by Red Medical Supplies

Blue Ultrasound Gel, Model 250UG-BMU (the "Ultrasound Gel"), that Plaintiff Kasondra Hester

("Plaintiff") allegedly purchased on the Amazon.com marketplace, on or before June 8, 2021. Plaintiff filed this civil action captioned <u>Kasondra Hester v. Red Medical Supplies Ltd., et al.,</u> Index No. 603266/2022, in the New York Supreme Court, Suffolk County (the "State Court Action"). Plaintiff served a Summons and Complaint on Amazon through its registered agent on February 28, 2022. True and correct copies of the Summons, Complaint and Affidavit of Service are attached hereto as Exhibit A. The Complaint alleges that Plaintiff suffered severe and permanent personal injuries from her use of the Ultrasound Gel. (Complaint, ¶¶ 42, 46, 50) Plaintiff is alleging damages of $1,000,000.

## II.   THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332(a) had Plaintiffs filed this action initially in federal court. Plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.      Complete Diversity Exists Between the Parties

#### 1.      <u>Plaintiff</u>

Plaintiff is a resident of Suffolk County, New York.

#### 2.      <u>Defendant Amazon.com Services, Inc.</u>

A corporation is a citizen of its state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant Amazon.com Services, Inc., is a Delaware corporation with its principal place of business in Washington. Amazon is therefore a citizen of the states of Delaware and Washington.

3.     **Defendant Red Medical Supplies Ltd.**

Red Medical Supplies Ltd. is a Canadian corporation located in Vancouver, British Columbia, Canada. It is therefore a citizen of Canada.

4.     **Defendant Eco-Med Pharmaceutical Inc.**

Eco-Med Pharmaceutical Inc. is a Canadian corporation located in Etobicoke, Ontario, Canada. It is therefore a citizen of Canada.

Accordingly, complete diversity exists because Plaintiff is a citizen of New York and defendants are citizens of Delaware, Washington, and Canada.

**B.     The Amount in Controversy Exceeds $75,000**

The amount in controversy requirement set forth in 28 U.S.C. § 1332 is satisfied because Plaintiff has asserted damages of $1,000,000.

In personal injury actions like the case at bar, New York does not permit a demand for a specific sum to be made in the Complaint. *See* CPLR § 3017(c). While not alleging a specific damage sum, Plaintiff's Complaint asserts that, as a result of Defendants' alleged acts or omissions, Plaintiff "sustained severe and permanent personal injuries, became sore, lame and disabled, suffered injury to her nervous system, suffered mental anguish, was confined to the hospital, bed and home and may, in the future, be so confined; was incapacitated from attending to her usual employment and vocation and may, in the future, be so incapacitated; sustained a loss and/or limitation of quality and/or enjoyment of life and/or body member; and plaintiff was otherwise damaged." (Complaint, ¶ 50)

To confirm that the amount in controversy exceeds $75,000, on March 21, 2022, Amazon served Plaintiff with a CPLR § 3017(c) Demand that Plaintiff set forth her demand for damages. Plaintiff responded to the CPLR § 3017(c) Demand on April 11, 2022 and claimed damages of $1,000,000. *See* Exhibit B.

Accordingly, based upon Plaintiff's response to the CPLR § 3017(c) demand, and the allegations in the Complaint, it is clear the matter in controversy exceeds $75,000.

## III.   SERVICE OF COMPLAINT AND TIMELINESS OF REMOVAL

"[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *See Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

Amazon was served with the Summons and Complaint through its registered agent for service of process on February 28, 2022. In accordance with CPLR § 3017(c), the Complaint does not allege a specific claim for damages. Therefore, on March 21, 2022, Amazon served Plaintiff's counsel with a CPLR § 3017(c) demand for Plaintiff to set forth her alleged damages. On April 11, 2022, Plaintiff served her response to Amazon's CPLR § 3017(c) demand, which for the first time set forth Plaintiff's claim for damages. *See* Exhibit B. This Notice of Removal is being filed within 30 days of Amazon being served with the response to the CPLR § 3017(c) Demand. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(2)(B).

## IV.   VENUE OF REMOVED ACTION

The United States District Court for the Eastern District of New York is the United States District Court embracing the New York Supreme Court, Suffolk County, where this action was filed and pending. Therefore, venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. § 1441(a).

## V.   CONSENT AND NOTICE TO OTHER PARTIES AND TO THE STATE COURT

As of the date hereof, Plaintiff has not filed an Affidavit of Service on either Red Medical Supplies Ltd. or Eco-Med Pharmaceuticals Inc. in the State Court Action. Since these defendants

have not been served with process, Amazon does not require their consent to remove this matter under 28 U.S.C. § 1446(b)(2)(A).

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously served on all parties and filed with the New York Supreme Court, Suffolk County, where this case was originally filed and is currently pending.

WHEREFORE, Defendant Amazon.com Services, Inc., pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes the Action in its entirety from the Supreme Court of the State of New York, County of Suffolk, to this Court.

Dated: April 14, 2022                                Respectfully submitted,

Beth S. Rose
Andrew W. Schwartz
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000
Facsimile: (973) 643-6500
brose@sillscummis.com
aschwartz@sillscummis.com

*Attorneys for Defendant Amazon.com Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 14, 2022, I caused a copy of Defendant Amazon.com

Services, Inc.'s Notice of Removal to be served via first class mail on the following parties:

Steve Fils-Aime, Esq.
Parker Waichman LLP
6 Harbor Park Drive
Port Washington, New York 11050


I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false I am subject to punishment.


_____
ANDREW W. SCHWARTZ

Dated:  April 14, 2022

# EXHIBIT A

FILED: SUFFOLK COUNTY CLERK 02/22/2022 12:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 603266/2022

RECEIVED NYSCEF: 02/22/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---------------------------------------------------------------------X

KASONDRA HESTER

                             Plaintiff,

       -against-

RED MEDICAL SUPPLIES LTD., ECO-MED
PHARMACEUTICAL INC. and AMAZON.COM
SERVICES INC.,

                             Defendants.

---------------------------------------------------------------------X

# SUMMONS

Plaintiff designates
SUFFOLK County as the place
of trial.

The basis of the venue is
Plaintiff's Residence

Plaintiff resides at
1719 Heckscher Avenue
Bay Shore, NY 11706

Index No.:
Date Summons &
Complaint Filed:

c/o
CSC

**To the above named Defendant(s)**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:     Port Washington, NY
            February 22, 2022

                                   By:

                                   Steve Fils-Aimé
                                   **Parker Waichman LLP**
                                   *Office & Post Office Address:*
                                   6 Harbor Park Drive
                                   Port Washington, NY 11050
                                   (516) 466-6500
                                   Our File # 2125256

TO:      RED Medical Supplies Vancouver Office
         1037 W Broadway, Unit 2
         Vancouver, BC V6H1E3

         Amazon.com
         80 State Street
         Albany, NY 12207

         Eco-Med Pharmaceutical Inc.
         151 Carlingview Dr, Unit 14
         Etobicoke, ON M9W 5S4, Canada

FILED: SUFFOLK COUNTY CLERK 02/22/2022 12:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 603266/2022

RECEIVED NYSCEF: 02/22/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------X

KASONDRA HESTER,

                        Plaintiff,

         -against-

RED MEDICAL SUPPLIES LTD., ECO-MED
PHARMACEUTICAL INC. and AMAZON.COM
SERVICES INC.,

                      Defendants.
------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

Plaintiff, by her attorneys, Parker Waichman LLP complaining of the defendants, RED

MEDICAL SUPPLIES LTD., ECO-MED PHARMACEUTICAL INC. and AMAZON.COM

SERVICES INC., respectfully alleges, upon information and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1)     At all times hereinafter mentioned, plaintiff, KASONDRA HESTER, was and is a

resident of the County of Suffolk and State of New York.

2)     At all times hereinafter mentioned, defendant, RED MEDICAL SUPPLIES LTD.,

was and still is a foreign corporation duly authorized to do business within the State of New York.

3)     At all times hereinafter mentioned, defendant, RED MEDICAL SUPPLIES LTD.,

transacted business in the State of New York.

4)     At all times hereinafter mentioned, defendant, RED MEDICAL SUPPLIES LTD.,

conducts and/or conducted business in the State of New York.

5)     At all times hereinafter mentioned, defendant, ECO-MED PHARMACEUTICAL

INC., was and still is a foreign corporation duly authorized to do business within the State of New

York.

FILED: SUFFOLK COUNTY CLERK 02/22/2022 12:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 603266/2022
RECEIVED NYSCEF: 02/22/2022

6)      At all times hereinafter mentioned, defendant, ECO-MED PHARMACEUTICAL INC., transacted business in the State of New York.

7)      At all times hereinafter mentioned, defendant, ECO-MED PHARMACEUTICAL INC., conducts and/or conducted business in the State of New York.

8)      That at all times hereinafter mentioned, and upon information and belief, defendant, AMAZON.COM SERVICES, INC., was and still is a foreign corporation having its principal place of business at 410 Terry Avenue N, Seattle Washington, 98109.

9)      That at all times hereinafter mentioned, and upon information and belief, defendant, AMAZON.COM SERVICES, INC., was and still is a foreign corporation duly authorized to do business within the State of New York.

10)     That at all times hereinafter mentioned, and upon information and belief, defendant, AMAZON.COM SERVICES, INC., transacted business in the State of New York.

11)     That at all times hereinafter mentioned, and upon information and belief, defendant, AMAZON.COM SERVICES, INC., conducts and/or conducted business within the State of New York.

12)     That this action falls within one or more of the exceptions as set forth in CPLR §1602, §1602(1), §1602(2), §1602(3), §1602(4), §1602(5), §1602(6), §1602(7), §1602(8), §1602(9), §1602(10), §1602(11), §1602(12) and §1603 of the State of New York.

13)     That at all times hereinafter mentioned defendant, RED MEDICAL SUPPLIES LTD., distribured RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU.

14)     That at all times hereinafter mentioned defendant, RED MEDICAL SUPPLIES LTD., sold leased and/or otherwise distributed RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU.

2

FILED: SUFFOLK COUNTY CLERK 02/22/2022 12:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 603266/2022
RECEIVED NYSCEF: 02/22/2022

15)     That at all times hereinafter mentioned defendant, RED MEDICAL SUPPLIES LTD., sold leased and/or otherwise distributed RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU to defendant AMAZON.COM SERVICES INC.

16)     That at all times hereinafter mentioned defendant, ECO-MED PHARMACEUTICAL INC., manufactured RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU.

17)     That at all times hereinafter mentioned defendant, ECO-MED PHARMACEUTICAL INC., sold leased and/or otherwise distributed RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU.

18)     That at all times hereinafter mentioned defendant, ECO-MED PHARMACEUTICAL INC., sold leased and/or otherwise distributed RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU to defendant AMAZON.COM SERVICES INC.

19)     That at all times hereinafter mentioned defendant, AMAZON.COM SERVICES INC., sold leased and/or otherwise distributed RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU.

20)     That at all times hereinafter mentioned defendant, AMAZON.COM SERVICES INC., sold leased and/or otherwise distributed RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU, pursuant to an agreement with defendant RED MEDICAL SUPPLIES LTD.

21)     That at all times hereinafter mentioned defendant, AMAZON.COM SERVICES INC., sold leased and/or otherwise distributed RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU, pursuant to an agreement with defendant, ECO-MED PHARMACEUTICAL INC.

3

FILED: SUFFOLK COUNTY CLERK 02/22/2022 12:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 603266/2022
RECEIVED NYSCEF: 02/22/2022

22) That at all times hereinafter mentioned, defendant, ECO-MED PHARMACEUTICAL INC., manufactured RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU, in general.

23) That at all times hereinafter mentioned, defendant, ECO-MED PHARMACEUTICAL INC., designed RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU, in general.

24) That on and prior to June 8, 2021, defendant, ECO-MED PHARMACEUTICAL INC., sold or otherwise provided for distribution RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU to the members of the general public.

25) That on and prior to June 8, 2021, defendant, AMAZON.COM SERVICES, INC., sold or otherwise provided for distribution RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU to the members of the general public.

26) That on and prior to June 8, 2021, defendant, AMAZON.COM SERVICES, INC., sold or otherwise provided for distribution RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU to the members of the general public within the State of New York.

27) That on and prior to June 8, 2021, defendant, AMAZON.COM SERVICES, INC., sold or otherwise provided for distribution RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU to the members of the general public within the State of New York, pursuant to an agreement with defendant, RED MEDICAL SUPPLIES LTD.

28) That on and prior to June 8, 2021, defendant, AMAZON.COM SERVICES, INC., sold or otherwise provided for distribution RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU to the members of the general public within the State of New York, pursuant to an agreement with defendant, ECO-MED PHARMACEUTICAL INC.

4

FILED: SUFFOLK COUNTY CLERK 02/22/2022 12:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 603266/2022
RECEIVED NYSCEF: 02/22/2022

29) That on and prior to June 8, 2021, plaintiff, KASONDRA HESTER, purchased two bottles of RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU from Amazon.com.

30) That on and prior to June 8, 2021, plaintiff, KASONDRA HESTER, purchased two bottles of RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU distributed by defendant, RED MEDICAL SUPPLIES LTD.

31) That on and prior to June 8, 2021, plaintiff, KASONDRA HESTER, purchased two bottles of RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU designed by defendant, RED MEDICAL SUPPLIES LTD.

32) That on and prior to June 8, 2021, plaintiff, KASONDRA HESTER, purchased two bottles of RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU distributed by defendant, RED MEDICAL SUPPLIES LTD.

33) That on and prior to June 8, 2021, plaintiff, KASONDRA HESTER, purchased two bottles of RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU manufactured by defendant, ECO-MED PHARMACEUTICAL INC.

34) That on and prior to June 8, 2021, plaintiff, KASONDRA HESTER, purchased two bottles of RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU designed by defendant, ECO-MED PHARMACEUTICAL INC.

35) That on and prior to June 8, 2021, plaintiff, KASONDRA HESTER, purchased two bottles of RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU distributed by defendant, ECO-MED PHARMACEUTICAL INC.

FILED: SUFFOLK COUNTY CLERK 02/22/2022 12:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 603266/2022

RECEIVED NYSCEF: 02/22/2022

36)     That on and prior to June 8, 2021, plaintiff, KASONDRA HESTER, purchased two bottles of RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU distributed by defendant, AMAZON.COM SERVICES, INC.

37)     That on and prior to June 8, 2021, plaintiff, KASONDRA HESTER purchased two bottles of RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU with the warranty by defendant, RED MEDICAL SUPPLIES LTD, that it was safe for the use intended.

38)     That on and prior to June 8, 2021, plaintiff, KASONDRA HESTER purchased two bottles of RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU with the warranty by defendant, ECO-MED PHARMACEUTICAL INC, that it was safe for the use intended.

39)     That on and prior to June 8, 2021, plaintiff, KASONDRA HESTER purchased two bottles of RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU with the warranty by defendant, AMAZON.COM SERVICES, INC, that it was safe for the use intended.

40)     That on June 8, 2021, plaintiff, KASONDRA HESTER, was utilizing RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU.

41)     That on June 8, 2021, plaintiff, KASONDRA HESTER was utilizing RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU when she was caused to sustain severe and permanent injuries.

42)     That on June 8, 2021, while plaintiff, KASONDRA HESTER was utilizing defendant RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU she was caused to sustain severe and permanent personal injuries due to the negligence of the defendants, their agents, servants, employees and/or licensees, in causing, permitting and allowing the RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU to be improperly and insufficiently manufactured, designed, assembled or distributed without proper and sufficient warnings as to the

6

FILED: SUFFOLK COUNTY CLERK 02/22/2022 12:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 603266/2022
RECEIVED NYSCEF: 02/22/2022

use and operation of the RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU and in otherwise allowing said RED Medical Supplies Blue Ultrasound Gel, Model No. 250UG-BMU to be and remain in a dangerous, defective and unsafe condition for the use intended.

43)    That the personal injuries sustained by plaintiff, KASONDRA HESTER, in her accident, were caused solely as a result of the negligence of the defendants and/or their agents, servants, employees and/or licensees, without any negligence on the part of the plaintiff, KASONDRA HESTER, contributing thereto.

44)    Defendants' conduct was willful, wanton, reckless, malicious and/or exhibited a gross indifference to and callous disregard for human life, safety, and the rights of others, and more particularly the rights, life and safety of the plaintiff.

45)    Due to the wanton, reckless, malicious and indifferent conduct of the defendants, plaintiff demands punitive damages against defendant in an amount to be determined at trial.

46)    That by reason of the foregoing, plaintiff, KASONDRA HESTER, has been severely injured and has been rendered sick, sore, lame and disabled, sustained severe mental anguish and emotional upset, some of which injuries will be permanent, and the plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries, said plaintiff incurred hospital, medical and other expenses as a result of the injuries sustained and in the future will necessarily incur further medical expenses, all in an endeavor to be cured of said injuries; plaintiff, in the future, will sustain a loss or a limitation of the quality and/or enjoyment of life and was otherwise damaged.

47)    That by reason of the foregoing, plaintiff, KASONDRA HESTER, has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction with punitive damages

7

FILED: SUFFOLK COUNTY CLERK 02/22/2022 12:27 PM          INDEX NO. 603266/2022
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 02/22/2022

48)    That the aforesaid occurrence was caused without any negligence on the part of the plaintiff herein.

49)    That the negligence of the defendants, and each of them, their agents, servants and/or employees, consisted of negligently, recklessly, carelessly and grossly negligently manufacturing, inspecting, designing, assembling, distributing, servicing, offering for sale and/or otherwise distributing the aforesaid product.

50)    That by reason of the foregoing, plaintiff, KASONDRA HESTER, sustained severe and permanent personal injuries, became sore, lame and disabled, suffered injury to her nervous system, suffered mental anguish, was confined to the hospital, bed and home and may, in the future, be so confined; was incapacitated from attending to her usual employment and vocation and may, in the future, be so incapacitated; sustained a loss and/or limitation of quality and/or enjoyment of life and/or body member; and plaintiff was otherwise damaged.

51)    That by reason of the foregoing, plaintiff, KASONDRA HESTER, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION

52)    Plaintiff repeats, reiterates and realleges each and every allegation in the paragraphs herein inclusive, with the same force and effect as if more fully set forth at length herein.

53)    That the defendants, their agents, servants and/or employees, represented and warranted that the aforesaid product and/or its component parts and/or appurtenances thereto were safe and fit for use and were of merchantable quality.

8

FILED: SUFFOLK COUNTY CLERK 02/22/2022 12:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 603266/2022
RECEIVED NYSCEF: 02/22/2022

54)     That the aforesaid representations and warranties were untrue in that said product and/or its component parts and/or its appurtenances were not fit for use and were not of merchantable quality.

55)     That by reason of the aforesaid breach of representations and warranties, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION

56)     Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs contained herein inclusive, with the same force and effect as if more fully set forth at length herein.

57)     That by reason of the foregoing, defendants have violated statutes, codes, laws, ordinances and are liable to plaintiff herein by reason of such statutory violation.

58)     That by reason of the aforesaid, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION

59)     Plaintiff repeats, reiterates and realleges each and every allegation contained herein with the same force and effect as if more fully set forth at length herein.

60)     That by reason of the foregoing, defendant is liable to plaintiff under the Doctrine of Strict Liability.

61)     That by reason of the aforesaid, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FIFTH CAUSE OF ACTION

62)     Plaintiff repeats, reiterates and realleges each and every allegation contained herein all inclusive, with the same force and effect as if more fully set forth at length herein.

9

FILED: SUFFOLK COUNTY CLERK 02/22/2022 12:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 603266/2022
RECEIVED NYSCEF: 02/22/2022

63) That the acts of the defendants, their agents, servants and/or employees, complained of herein, were wanton, inherently reckless, grossly negligent and constitute a total disregard for the health, safety and welfare of those individuals who would be exposed to the aforesaid product, and more particularly, the plaintiff herein.

64) That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** plaintiff demands judgment against the defendants, either jointly and/or severally, on the "First", "Second", "Third", "Fourth", and "Fifth" Causes of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, punitive damages, and the costs and disbursements of this action.

Dated: Port Washington, NY
February 22, 2022

Yours, etc.

Steve Fils-Aime
**Parker Waichman LLP**
*Attorneys for Plaintiff*
Parker Waichman LLP
6 Harbor Park Drive
Port Washington, NY 11050
(516) 466-6500
Our File # 2125256

10

[FILED: SUFFOLK COUNTY CLERK 02/22/2022 12:27 PM]
NYSCEF DOC. NO. 1

INDEX NO. 603266/2022
RECEIVED NYSCEF: 02/22/2022

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK      )

                                           : ss :

COUNTY OF NASSAU      )

Steve Fils-Aime, an attorney and counselor at law, duly admitted to practice in the Courts of the State of New York, affirms the following to be true under penalties of perjury:

I am an associate of the firm **Parker Waichman LLP** attorneys for the plaintiff(s) herein.

I have read the foregoing SUMMONS and COMPLAINT and know the contents thereof. Upon information and belief, I believe the matters alleged therein to be true.

The source of your deponent's information and the grounds of my belief are communications, papers, reports and investigations contained in my file.

The reason this verification is made by deponent and not by plaintiff(s) is that plaintiff(s) reside in a county other than the one in which your deponent's office is maintained.

Dated: Port Washington, NY
        February 22, 2022

Steve Fils-Aime



| | |
|---|---|
| **Attorney(s)** : Parker Waichman LLP | |
| **Index #** : 603266/2022 | |
| **Purchased/Filed** : | |
| **State of** : New York | |
| **Court** : Supreme | |
| **County/District** : Suffolk | |

# AFFIDAVIT OF SERVICE

P6133482

KASONDRA HESTER

vs                                                      Plaintiff(s)/Petitioner(s)

RED MEDICAL SUPPLIES LTD., ET AL

Defendant(s)/Respondent(s)

STATE OF NEW YORK            COUNTY OF ALBANY

_____ KYLE WARNER _____ , being duly sworn deposes and says deponent is not a party herein,
is over the age of eighteen years and resides in the State of New York. That on **FEBRUARY 28, 2022** at **3:00PM**
at _____ c/o CSC, 80 STATE ST., ALBANY, NY 12207 _____ deponent did serve the following :
(Address where service was accomplished.)

**SUMMONS & VERIFIED COMPLAINT, NOTICE OF ELECTRONIC FILING**

on:                                          **AMAZON.COM SERVICES INC**

_____ Defendant _____      (herein called recipient) therein named.    , SS.:

**INDIVIDUAL** [ ]   By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

**CORP.** [x]   A corporation, by delivering thereat a true copy of each to **BONNIE YERRY**
personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be **AUTHORIZED AGENT / LEGAL REP. OF CSC** thereof.

Service was made in the following manner after your deponent was unable, with due diligence, to serve the defendant in person, including an effort to reach the defendant by telephone, (if such telephone number was available) and an attempt to locate the defendant's place of employment.

**SUITABLE PERSON** [ ]   By delivering a true copy of each to _____ a person of suitable age and discretion who agreed to accept on behalf of the party..
Said premises is recipient's:   [ ] dwelling house (usual place of abode).   [ ] actual place of business

**AFFIXING TO DOOR** [ ]   By affixing a true copy of each to the door of said premises, which is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

**MAILING COPY** [ ]   On _____ deponent completed service under the last two sections by depositing a copy of the above listed documents to the above address in a First Class postpaid properly addressed plain envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

The outside of the envelope did not include a return address or indicate that the communication was from an attorney. Deponent called at the aforementioned address on the following dates and times:

on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____

**DESCRIPTION** [x]   A description of the person served is as follows:
(use with #1, 2 or 3)   Sex **FEMALE** Color of skin **WHITE** Hair **BROWN** Approx.Age **51 - 65 YRS.** Approx.Height **5' 0" - 5' 3"**
Approx. weight **100 - 130 LBS.** Other _____

**WIT. FEES** [ ]   $ _____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.

**NON MIL** [X]   To the best of my knowledge and belief, said person was not presently in military service of the United States Government or on active duty in the military service in the State of New York at the time of service.

Sworn to before me on this
**28th** day of **February, 2022**

_____
**NOTARY PUBLIC**

YVONNE STRAIN
NOTARY PUBLIC, State of New York
01ST6314054, Schenectady
Commission Expires November 3, 2022

_____
KYLE WARNER

**Invoice-Work Order #** 2207090
**Attorney File #** 6133482

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X

KASONDRA HESTER

                        Plaintiff,

           -against-

ECO-MED PHARMACEUTICAL INC., RED MEDICAL
SUPPLIES LTD, AMAZON.COM SERVICES INC.,

                        Defendants.
-------------------------------------------------------------------X

Index No.: 603266/2022

**PLAINTIFF'S RESPONSE
TO DEFENDANT'S DEMAND
FOR RELIEF PURSUANT
TO CPLR 3017 (c)**

Plaintiff, by her attorneys, Parker Waichman LLP, as and for a response to Defendant,

Amazon.com Services Inc.'s, Demand for Relief Pursuant to CPLR 3017 (c) as follows:

      1.    Plaintiff seeks damages in the sum of ONE MILLION ($ 1,000,000.00)

DOLLARS on all Causes of Action as alleged in Plaintiff's Verified Complaint.

      **Plaintiff reserves the right to amend and/or supplement this response up to and
including the time of trial.**

Dated: Port Washington, New York
       April 8, 2022

                             Yours etc.,

                             Steve Fils-Aime, Esq.
                             Parker Waichman LLP
                             Attorney for Plaintiff
                             Kasondra Hester
                             6 Harbor Park Drive
                             Port Washington, New York 11050
                             (516) 466-6500
                             Our File No. 2125256

TO:   Sills Cummis & Gross
       Attorneys for Defendant
       Amazon.com Services Inc.
       101 Park Avenue
       New York, New York 10178
       (212) 643-7000

Parker Waichman LLP

Index No. 603266/2022
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

KASONDRA HESTER

        Plaintiff,

    -against-

ECO-MED PHARMACEUTICAL INC., RED MEDICAL SUPPLIES LTD,
AMAZON.COM SERVICES INC.,

        Defendants.

PLAINTIFF'S RESPONSE TO DEFENDANT, AMAZAON.COM SERVICES, INC.'S
DEMAND FOR RELIEF PURSUANT TO CPLR 3017 (C)

Certification per 22NYCRR §130-1.1a

-----------------------------------------------------------------

**Steve Fils-Aime**
**Parker Waichman LLP**
*Attorneys for Plaintiff(s)*
**6 Harbor Park Drive**
**Port Washington, NY 11050**
**(516) 466-6500**

To:
Attorney(s) for

Service of a copy of the within       is hereby admitted.

Dated:                   ..............................
                          Attorney(s) for

*PLEASE TAKE NOTICE*
NOTICE OF
ENTRY   that the within is a (certified) true copy of a      entered in the office of the Clerk of the within named
       Court on       2022 .

NOTICE   that an Order of which the within is a true copy will be presented to the Hon.     , one of the
OF
SETTLEMENT   judges of the within named Court, at ,
      , on
      2022, at   M.

Dated:  April 11, 2022

                               Parker Waichman LLP
                              *Attorneys for Plaintiff(s)*

TO: